**Edward J. HALE, et al., Appellants,**

v.

**CITY OF LOS FRESNOS, et al., Appellees.**

No. 17977.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 17, 1981.

Robert Garza, Brownsville, for appellants.

Jack Wiech and Kirk Brush, Brownsville, for appellees.

DOYLE, Justice.

This suit was brought by the City of Los Fresnos (City) to enforce the collection of delinquent ad valorem taxes for the years 1974 through 1979 assessed against real property belonging to the appellants, Edward J. Hale and his wife. The State of Texas, County of Cameron and the Los Fresnos Consolidated Independent School District also had claims against the same property for delinquent taxes covered by the same years. These taxing units were impleaded as defendants.

The Hales filed a plea in abatement pursuant to Tex.Rev.Civ.Stat. art. 7329a, sometimes referred to as the Act. The court rendered judgment for the City and the impleaded taxing units, establishing both the validity of their tax liens and the amount of the delinquent taxes. The court also found that the Edward J. Hales' affidavit of age and homestead was proper and deferred the foreclosure of the fixed tax liens for as long as he owned and occupied the subject property.

The Hales contend in their first point of error that the trial court erred in hearing the suit since such suit was improperly filed under Sections 1 and 2 of art. 7329a. We deem it important to set out the entire statute, complete with section captions:

Art. 7329a. Homestead owned by person 65 or older; collection of delinquent taxes deferred or abated

Suit to collect delinquent taxes prohibited; affidavit

Section 1. No suit to collect delinquent ad valorem taxes on real property shall be filed by any tax unit of this state against property owned and occupied as a homestead, as defined in Article XVI, Section 51, of the Texas Constitution, by a person sixty-five (65) years of age or older during the time that it remains the homestead of such person; and provided further, that such person shall have filed for record with the county clerk of the county in which the land, or a part thereof, is located, prior to institution of suit

by any tax unit, an affidavit containing the following:

(1) the birth date of the affiant;

(2) a description by metes and bounds, or other sufficient description to identify the property claimed as a homestead; and

(3) the signature of the affiant and acknowledgment or proof as in other instruments for record.

Defendant's sworn plea; abatement of suit

Sec. 2. In a suit for the collection of delinquent ad valorem taxes, the defendant may file a sworn plea stating that he is sixty-five (65) years old or older and that he is entitled to a residential homestead in the property. If the tax unit fails to file an affidavit controverting the sworn plea, or if on a hearing the court determines that the plea is true, the suit shall be abated until the property is no longer owned and occupied by the person sixty-five (65) years or older filing such sworn plea.

Right to delinquent taxes not extinguished or released; delay

Sec. 3. This Act does not extinguish or release the right of a tax unit to delinquent ad valorem taxes, and penalties (including "interest") against any property. In a suit upon which action is deferred or abated pursuant to this Act, such delay is not the basis for a plea of limitation, laches, or want of prosecution against a tax unit.

Penalties and interest

Sec. 4. Penalties and interest continue to accrue during a period of deferment or abatement of suit as a result of this Act. Delinquent ad valorem taxes, penalties, and interest at all times remain a first priority lien upon the land and all mutations thereof until paid. A tax unit may sue for and foreclose its liens on all accrued delinquent ad valorem taxes and penalties (including "interest") when the homestead is no longer owned and occupied by the person sixty-five (65) years old or older who has claimed protection of this Act.

Payment of taxes due not precluded

Sec. 5. Nothing in this Act precludes any person sixty-five (65) years old or older from paying the ad valorem taxes due on residential homestead property. He or she may pay for any year(s) without losing his rights to protection under this Act for any year(s) when he is unable to pay or chooses not to pay.

The facts which constitute the City's and other taxing units' cause of action are undisputed. The Hales had failed and refused to pay to each of them the delinquent ad valorem taxes due on the property claimed as their homestead located at 202 Resaca Drive East, in Los Fresnos, Cameron County, Texas. The City and impleaded taxing units set forth in their petition and pleadings that the suit was brought "to enforce the collection of delinquent ad valorem taxes" due by the Hales. This brings the suit squarely within the ambit of art. 7329a.

The City contends that the purpose of the Act is to defer the collection of delinquent ad valorem taxes and that the Act does not prohibit a court from resolving controversies as to the amount and validity of assessments and evaluations and from rendering judgment as the facts warrant. The appellees concede only that the Act, when properly complied with, prevents the taxing units from enforcing their judgments by foreclosure until the homestead claimant no longer owns and occupies the property.

We think the City has misinterpreted the legislative intent as clearly revealed by the captions and contents of the various sections of the Act. The Act's primary purpose is to prevent the filing of suits "to collect delinquent ad valorem taxes on real property . . . by any tax unit of this state against property owned and occupied as a homestead . . . ," if such homestead claimant is 65 years of age or older and has on file the prescribed affidavit prior to the institution of suit by any tax unit. Section 1. Any person who can qualify to make the affidavit and does so make it and places it of record with the county clerk of the county where the land is situated, can insulate himself from having the suit filed in the

first instance. The trial judge recognized this application of the Act and correctly refused to grant the Hales' plea in abatement because the requisite affidavit was not on file when the City filed its suit.

Conceivably the legislature envisioned that qualified homestead claimants would be sued for delinquent ad valorem taxes without having the required affidavit on file, for in Section 2 of the Act appropriate provisions are set forth for having the filed suit abated upon the filing of an identical affidavit as required by Sec. 1 of the Act as a part of a sworn plea. If no controverting affidavit is filed by the taxing unit or the court finds, upon hearing, that the plea is true, "the suit shall be abated until the property is no longer owned and occupied by the person 65 years or older filing such sworn plea."

Viewed in its entirety, we think the legislature's intent in enacting art. 7329a was to shield the aged claimants who could qualify from suits and judgments for delinquent taxes on their homesteads. The Hales met every qualification imposed by Section 2 of the article and were thus entitled to have the suit abated until the home was no longer owned and occupied by them. We hold that the Hales were entitled to this benefit without a judgment pending against them, notwithstanding that its enforcement had been abated. Because we sustain the Hales' first point of error, it is unnecessary to consider their remaining points.

Accordingly, the judgment of the trial court is reversed and remanded with instructions to set aside the judgment theretofore rendered and signed on August 5, 1980 and grant defendants' plea in abatement in accordance with the provisions of Section 2 of article 7329a.

EVANS and WARREN, JJ., also sitting.